# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:17-CR-00113-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CARLOS LAVAUGHN JONES, JR., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the pro se Defendant's motion for a judicial recommendation of halfway house placement (Doc. No. 25) and motion for good time credit under the First Step Act (Doc. No. 26). In July 2017, Defendant pleaded guilty to conspiring to commit Hobbs Act Robbery and to aiding and abetting in the same. (Doc. No. 12). Thereafter, the Court sentenced Defendant to fifty-one months on each count, to run concurrently. (Doc. No. 22).

Having now served a majority of his sentence, Defendant seeks good time credit under the First Step Act and a judicial recommendation to serve the remainder of his sentence in a reentry facility. In support, Defendant declares he has had "great conduct with no bad reports" throughout his sentence. (Doc. No. 25 at 1). Also, he has worked to make the required restitution and fine payments while imprisoned. (Id. at 1). Lastly, he completed several programs—such as residential wiring, investing, and Spanish—to support himself after relief. (Doc. No. 26 at 2–3).

As to good time credit, it is true that the First Step Act amended 18 U.S.C. § 3624 to permit federal inmates to earn up to 54 days of good time credit for each year of incarceration, effectively abrogating Barber v. Thomas, 560 U.S. 474 (2010). See First Step Act, Pub. L. 115-391 § 102 (2018). Still, the statute makes clear that such credit shall be granted "subject to determination by the Bureau of Prisons" that the prisoner qualifies for such credit—not subject to determination by

the sentencing court.  18 U.S.C. § 3624.  Notably, Defendant does not assert that the Bureau failed to properly award earned good time credits.  See, e.g., Bottinelli v. Salazar, 929 F.3d 1196 (9th Cir. 2019); Stine v. Fox, 731 F. App'x 767, 770 (10th Cir. 2018).  Under such circumstances, Defendant's motion for this Court to award good time credit is denied.

Similarly, the Bureau is empowered to "designate the place of the prisoner's imprisonment" and "may designate any penal or correctional facility that meets minimum standards of health and habitability."  18 U.S.C. § 3621(b).  But in choosing a facility, the Bureau may consider "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence of imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate."  Id.  Several courts have recognized that a sentencing court may issue non-binding, strictly advisory placement recommendations.  See, e.g., United States v. Cabble, No. 3:09-CR-00084, 2018 WL 4628324, at *1 (W.D.N.C. Sept. 27, 2018).

Defendant's evidence suggests he has made efforts to improve himself while incarcerated.  To the extent his report is commensurate with the remainder of Defendant's record, the Court recommends placement in an appropriate re-entry program.  Still, the Court emphasizes that this recommendation is not binding; it is the Bureau, not this Court, that is uniquely qualified to determine when a re-entry program is appropriate.  See Cabble, 2019 WL 4628324, at *2.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for judicial recommendation of halfway house placement (Doc. No. 25) is **GRANTED IN PART** and motion for good time credit under the First Step Act (Doc. No. 26) is **DENIED.**

Signed: March 12, 2020

Max O. Cogburn Jr
United States District Judge